UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KYLE W. TURPIN, | ) | |
| Petitioner, | ) | 2:09-cv-01122-JCM-LRL |
| vs. | ) | **ORDER** |
| BRIAN WILLIAMS, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  Before the court is respondents' motion to strike and/or dismiss (ECF No. 25) petitioner's memorandum of November 11, 2010 (ECF No. 24).  The court also addresses the merits of the remaining grounds of the petition.

**I. Procedural History**

On March 22, 2002, a criminal complaint was filed against petitioner, charging him with two counts of attempted murder with a deadly weapon, two counts of first degree kidnapping with a deadly weapon, and one count each of grand larceny of an automobile and robbery with a deadly

weapon. (Exhibit 2).[1]  Petitioner was bound over to the state district court on all charges as a result of a preliminary hearing on May 7, 2002. (Exhibit 3).

### A. Petitioner's Guilty Plea

On May 15, 2002, a criminal information was filed, reflecting the result of the preliminary hearing. (Exhibit 4). At arraignment on May 21, 2002, petitioner entered a plea of not guilty. (Exhibit 1, at p. 1). On June 10, 2002, petitioner expressed a desire to represent himself. (Exhibit 5, at p. 7). On June 12, 2002, the court conducted a *Faretta* canvass of petitioner and determined that he waived his right to counsel. (Exhibit 6).

Pursuant to plea negotiations, an amended information was filed on September 13, 2002. (Exhibit 7). The parties executed a plea agreement, which was filed on September 13, 2002. (Exhibit 8). Petitioner entered a guilty plea to the charges in the amended information. (Exhibit 9). The trial court canvassed petitioner on his rights and potential penalties, concluding that petitioner knowingly, voluntarily, and intelligently entered his plea. (Exhibit 9).

On October 11, 2002, petitioner filed motions to withdraw his plea, to suppress evidence, and for the return of seized items. (Exhibits 10-12). On November 20, 2002, the trial court denied petitioner's motion to withdraw his plea. (Exhibit 13). The court filed a written order on November 26, 2002. (Exhibit 14).

On November 26, 2002, the court sentenced petitioner on his plea to the amended information. (Exhibit 15). The judgment of conviction was filed December 27, 2002. (Exhibit 16).

### B. Appeal to Nevada Supreme Court

Petitioner filed notices of appeal on December 6, 2002, and December 10, 2002. (Exhibits 17 and 18). On January 8, 2003, the Nevada Supreme Court remanded the matter to district court for appointment of counsel for petitioner. (Exhibit 19). Thomas Rigsby, petitioner's standby counsel,

---

[1] The exhibits referenced in this order are found in the court's record at ECF No. 7.

filed an opening brief on June 27, 2003.  (Exhibit 20).  Petitioner attempted to file *pro per* documents with the Nevada Supreme Court.  Prior to oral argument on March 9, 2004, the parties stipulated to reverse and remand the case to district court for trial, as reflected in the Nevada Supreme Court's order of March 24, 2004, which reversed the conviction and remanded for trial. (Exhibit 25).

**C.  Remand, Trial, and Sentencing**

On April 15, 2004, the trial court re-arraigned petitioner on the original criminal information (Exhibit 4) filed in the case.  (Exhibit 26).  The trial court appointed Frank Kocka to represent petitioner.  (*Id.*).  On August 20, 2004, petitioner filed a notice complaining about his attorney. (Exhibit 27).  On October 22, 2004, the state filed a notice of habitual criminality.  (Exhibit 28).  An amended information was filed on October 26, 2004.  (Exhibit 29).  A second amended information was filed on November 2, 2004.  (Exhibit 30).  The trial court began hearing testimony on November 3, 2004.  (Exhibits 31-33).

On November 8, 2004, petitioner made a motion for directed verdict on the kidnapping charges.  (Exhibit 33, at p. 51).  The trial court granted the motion (Exhibit 33, at p. 60), and filed a written order on November 8, 2004.  (Exhibit 34).  After additional argument, the trial court entered an amended order, reversing its prior ruling, and allowing the kidnapping charges to go to the jury for consideration.  (Exhibit 36).

Jury instructions were finalized.  (Exhibit 37).  The jury returned guilty verdicts as to battery with the use of a deadly weapon (counts 1 and 2), first degree kidnapping with a deadly weapon (counts 3 and 4), and grand larceny of an auto (count 6).  (Exhibits 38-39).

On November 16, 2004, petitioner filed a motion to set aside the verdicts of first degree kidnapping with a deadly weapon (counts 3 and 4).  (Exhibit 40).  On November 23, 2004, petitioner submitted a *pro per* memorandum to the trial court in which he raised several complaints regarding trial.  (Exhibit 42).  The trial court granted petitioner's motion to set aside the verdicts in counts 3

and 4, filing a written order on January 10, 2005.  (Exhibit 44).  On January 31, 2005, the state filed a notice of appeal from the trial court's order setting aside the guilty verdicts in counts 3 and 4. (Exhibit 45).

On February 8, 2005, petitioner filed a *pro per* motion requesting the trial court dismiss Frank Kocka and appoint different counsel.  (Exhibits 46, 47).

On February 8, 2005, the state filed a sentencing memorandum.  (Exhibit 48).  The trial court sentenced petitioner on February 15, 2005, imposing the "small habitual" of five to twenty years for Counts 1, 2, and 6, with the sentences running consecutively.  (Exhibit 49).  During the sentencing hearing, petitioner filed a *pro per* motion for additional presentence credit.  (Exhibit 50).  The judgment of conviction was filed on March 28, 2005.  (Exhibit 51).

On February 22, 2005, petitioner filed a *pro per* document complaining about the prosecutor's statements during the sentencing hearing.  (Exhibit 52).  Petitioner filed a notice of appeal on March 4, 2005.  (Exhibit 53).  The trial court granted petitioner's motion for additional credit.  (Exhibit 54).  The trial court appointed Michael Schwartz to represent petitioner on appeal. (Exhibit 55).

**D.  Appeals from Trial Court's Ruling, Conviction, and Sentence**

The Nevada Supreme Court considered petitioner's appeal under two case numbers.  In case #44630, the state appealed from the trial court's dismissal of the kidnapping counts (counts 3 and 4). In case #44892, petitioner appealed his conviction and sentence.

On March 7, 2005, petitioner filed a motion seeking leave to file *pro per* documents in his case.  (Exhibit 56).  The state filed a fast track brief in case #44630 on April 15, 2005.  (Exhibit 57). Petitioner's trial attorney, Frank Kocka, filed a motion to extend time in both of petitioner's cases, and the Nevada Supreme Court granted both motions.  (Exhibits 59 and 60).  Petitioner, by way of trial counsel Frank Kocka, filed a fast track brief in case #44892 on October 17, 2005.  (Exhibit 61). The fast track statement raised one issue – that the prosecutor committed misconduct in her

statement to the jury in closing argument, by stating that jury instruction #18 was wrong. (Exhibit 61).

On October 25, 2005, the Nevada Supreme Court issued an order denying petitioner's motion to file *pro per* documents. (Exhibit 62). On November 17, 2005, the court issued an order directing attorney Frank Kocka to file a fast track response in case #44630. (Exhibit 63). On January 12, 2006, petitioner's fast track statement was filed in case #44630. (Exhibit 66). The state filed a fast track response in case #44892. (Exhibit 68). The Nevada Supreme Court consolidated the two cases on March 15, 2006, granting the state's motion for the same. (Exhibit 69).

By order filed April 21, 2006, the Nevada Supreme Court affirmed petitioner's conviction in appellate case #44892. (Exhibit 70). In the same order, the court reversed the trial court's judgment of acquittal as to the kidnapping charges (counts 3 and 4) in appellate case #44630, remanding the matter to the trial court for sentencing on the kidnapping counts. (Exhibit 70). Remittitur issued on May 17, 2006. (Exhibit 70).

**E. State Habeas Corpus Petition and Appeal of District Court's Denial of Petition**

On September 22, 2006, petitioner filed a *pro per* state habeas corpus petition which raised 22 claims. (Exhibit 71). On December 12, 2006, the trial court filed findings of fact, conclusions of law, and order denying petitioner's habeas corpus petition. (Exhibit 79). Petitioner filed a notice of appeal of the denial of his state habeas petition. (Exhibit 80).

On March 17, 2009, the Nevada Supreme Court filed an order affirming in part, reversing in part, and remanding. (Exhibit 90). The court found the kidnapping charges were barred by double jeopardy and also found petitioner's counsel ineffective for failing to object to the trial court's reinstatement of the charges and for failing to raise the claim on direct appeal. (Exhibit 90, at pp. 10-11). The court further held that petitioner's other claims that appellate counsel were ineffective were waived, pursuant to NRS 34.810(1)(b)(3), because they could have been raised on direct appeal and

5

petitioner failed to show good cause for the failure to raise such issues earlier. (Exhibit 90, at pp. 12-13). Remittitur issued on April 14, 2009. (Exhibit 90).

### F. Dismissal of Appeal from Resentencing

On January 26, 2009, the state district court imposed the following sentences on the kidnapping conviction (counts 3 and 4): 5 to 15 years, plus an equal and consecutive sentence of 5 to 15 years for use of a weapon, to be served concurrent with each other and concurrent to the sentences in counts 1, 2, and 5. (Exhibit 1, at p. 34). The amended judgment of conviction was filed on February 2, 2009. (Exhibit 91). Petitioner filed a notice of appeal from the sentencing on February 3, 2009. (Exhibit 92). In considering the appeal from sentencing, the Nevada Supreme Court entered an order on May 15, 2009, finding that:

> Because the amended judgment of conviction added appellant's convictions for first-degree kidnapping with the use of a deadly weapon and did not otherwise alter the original judgment of conviction, it appeared our order directing the district court to vacate appellant's convictions for first-degree kidnapping renders this appeal moot.

(Exhibit 96, at p. 2). The Nevada Supreme Court dismissed the appeal as moot, in light of its March 17, 2009, order finding that reinstatement of the kidnapping charges violated double jeopardy. (Exhibit 96). Remittitur issued on June 9, 2009. (*Id.*).

### G. Federal Habeas Corpus Proceedings

Petitioner mailed his federal habeas corpus petition to this court on June 19, 2009. (Petition, at ECF No. 5). Petitioner raises seven grounds in his federal habeas petition. (Petition, ECF No. 5). Respondents filed a motion to dismiss certain grounds of the petition as procedurally barred. (ECF No. 7). By order filed April 27, 2010, this court entered an order dismissing grounds 2, 4, and 6 of the petition as procedurally barred, and directing respondents to file an answer to the remaining grounds of the petition. (ECF No. 12). On May 14, 2010, respondents filed an answer. (ECF No. 13). Petitioner filed a reply to the answer on June 10, 2010. (ECF No. 18). On November 30, 2010,

6

1  petitioner filed a "memorandum to the court" in which he seeks to amend the petition. (ECF No.

2  24). Respondents filed a motion to strike and/or dismiss the memorandum. (ECF No. 25).

3  **II. Federal Habeas Corpus Standards**

4  The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

5  provides the legal standard for the court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

13  The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

14  in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

15  to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court

16  decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C.

17  § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme

18  Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

19  a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

20  Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529

21  U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

22  A state court decision is an unreasonable application of clearly established Supreme Court

23  precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

24  governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

25  principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

26

529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, the court looks to the state court's last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

**A. Petitioner's Memorandum and Respondents' Motion to Strike and/or Dismiss**

On November 30, 2010, petitioner filed a "memorandum to the court." (ECF No. 24). In the memorandum, petitioner claims that a Virginia decision voids two of the convictions used to enhance his sentence in the criminal case underlying the instant habeas petition. (*Id.*). Respondents filed a motion to strike and/or dismiss the memorandum. (ECF No. 25). In the motion to strike and/or dismiss the memorandum, respondents argue that the presentation of the claim in the memorandum is an attempt to amend the petition. In the alternative, respondents ask this court to dismiss the claim in the memorandum because petitioner failed to exhaust the claim in state court and because the claim is untimely, as it does not relate back to the petition. (*Id.*).

The court notes that in filing the memorandum, petitioner did not request permission to amend his petition. (ECF No. 24). No prior order of this court authorized the filing of petitioner's memorandum. However, to the extent petitioner seeks to add a claim to the petition, the court construes petitioner's memorandum of November 30, 2010, as a motion to amend the petition.

Rule 15 provides: "A party may amend his pleading once as a matter of course within 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or

8

1  (f), whichever is earlier. Federal Rule of Civil Procedure 15(a)(1)(B)." Rule 15 further provides that
2  "In all other cases a party may amend its pleading only . . . with the court's leave. The court should
3  freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

4  Although leave to amend "shall be freely given when justice so requires," the court may
5  consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and
6  whether the party has previously amended his pleadings" though each factor is not necessarily given
7  equal weight. *Bonin v. Calderon*, 59 F.3d 815, 844-45 (9th Cir. 1995); *Foman v. Davis*, 371 U.S.
8  178, 182 (1962) (the court may consider whether there is evidence of "undue delay, bad faith or
9  dilatory motive" as to whether the motion to amend should be granted). A district court may deny a
10 motion to amend where the movant presents no new facts, only new theories, with no satisfactory
11 explanation for the failure to fully develop the contentions in the first place. *Bonin*, 59 F.3d at 844-
12 45. Moreover, leave to amend may be denied if the proposed amendment is futile or would be
13 subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

14 In the instant case, petitioner seeks leave to amend his petition to include an additional claim
15 for relief that changes in Virginia law regarding embezzlement convictions apply to his prior
16 convictions. (ECF No. 24). The court agrees with respondents that this potential claim is
17 unexhausted because petitioner has not litigated the claim in the Nevada courts. Moreover, barring
18 the application of equitable tolling, the claim appears to be untimely. *See Mayle v. Felix*, 545 U.S.
19 644, 669 (2005). More importantly, the claim lacks merit. In 1994, the Virginia legislature adopted
20 amendments to their laws regarding larceny and embezzlement. Subsequently, the Virginia Court of
21 Appeals found that due to the changes, proof of embezzlement will not sustain a conviction under an
22 indictment charging grand larceny. *Bruhn v. Commonwealth*, 544 S.E. 2d 895, 897 (Va. App. 2001).
23 Petitioner states that his prior convictions are from 1987 and 1984. (ECF No. 24, at p. 2). As such,
24 the 1994 amendments to larceny and embezzlement laws could not have affected petitioner's
25 convictions. The case cited by petitioner does not stand for the proposition that larceny convictions
26

obtained on an embezzlement theory prior to the changes in the law are invalid. Rather, *Bruhn* stands only for the proposition that after the 1994 changes to the law, a larceny conviction based on an embezzlement theory is infirm. The fact that petitioner's convictions occurred well before the 1994 changes in the law make his claim meritless. Because the proposed amendment would be futile and subject to dismissal, leave to amend is denied. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Additionally, respondents have filed an answer to the remaining grounds of the petition (ECF No. 13) and petitioner has filed his reply to the answer (ECF No. 18). Respondents would be prejudiced by any amendment of the petition at this juncture. The court will not allow petitioner to amend his petition at this stage of the proceedings. Petitioner's memorandum (ECF No. 24), construed as a motion to amend the petition is denied. Respondents' motion to strike and/or the memorandum is granted. The court next considers the merits of the remaining grounds of the petition.

### B. Remaining Grounds of the Petition

In the remaining grounds of the petition, including grounds one, three, five, and seven, petitioner alleges various instances of ineffective assistance of counsel.

#### 1. Standard for Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court recently described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . through the "deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401.

### 2. Ground One

Petitioner alleges that his trial counsel conspired with the prosecution to remove five pages of proposed self-defense jury instructions. (ECF No. 5, at pp. 3-5). The Nevada Supreme Court

considered and denied this claim, as follows: "[W]e conclude that Turpin failed to demonstrate that trial counsel was deficient or that, but for counsel's alleged deficient performance, the result of his trial would have been different.  See Strickland v. Washington, 466 U.S. 668, 690, 694 (1984); Warden v. Lyons, 100 Nev. 430, 432, 683 P.2d 504, 505 (1984)."  (Exhibit 90, at pp. 11-12).

The Nevada Supreme Court cited to and applied the correct federal standard, *Strickland v. Washington*, 466 U.S. 668 (1984), and found that petitioner's counsel was not ineffective.  (Ex 90, at pp. 11-12).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Habeas relief is denied as to Ground One.

### 3. Ground Three

Petitioner alleges that trial counsel failed to present evidence of self defense.  (ECF No. 5, at pp. 10-11).  The Nevada Supreme Court considered and denied this claim. (Exhibit 90, at pp. 11-12).

The Nevada Supreme Court cited to and applied the correct federal standard, *Strickland v. Washington*, 466 U.S. 668 (1984), and found that petitioner's counsel was not ineffective.  (Ex 90, at pp. 11-12).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Habeas relief is denied as to Ground Three.

/ / / / / / / / / /

/ / / / / / / / / /

### 4. Ground Five

Petitioner alleges that trial counsel failed to put on a defense to the grand larceny of an automobile charge. (ECF No. 5, at pp. 14-15). The Nevada Supreme Court considered and denied this claim. (Exhibit 90, at pp. 11-12).

The Nevada Supreme Court cited to and applied the correct federal standard, *Strickland v. Washington*, 466 U.S. 668 (1984), and found that petitioner's counsel was not ineffective. (Ex 90, at pp. 11-12). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied as to Ground Five.

### 5. Ground Seven

Petitioner alleges that trial counsel prevented him from testifying at trial. (ECF No. 5, at p. 18). The Nevada Supreme Court considered and denied this claim. (Exhibit 90, at pp. 11-12).

The Nevada Supreme Court cited to and applied the correct federal standard, *Strickland v. Washington*, 466 U.S. 668 (1984), and found that petitioner's counsel was not ineffective. (Ex 90, at pp. 11-12). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied as to Ground Seven.

/ / / / / / / / / /

/ / / / / / / / / /

## IV. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Pursuant to the December 1, 2009, amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's memorandum filed November 30, 2010 (ECF No. 24), which the court construes as a motion to amend, is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 25) petitioner's November 30, 2010, memorandum is **GRANTED.**

1  **IT IS FURTHER ORDERED** that petitioner's motion for a free copy of the docket sheet
2  (ECF No. 28) is **GRANTED.**  The clerk of court is **DIRECTED TO SEND** petitioner a printout of
3  the current docket sheet in the instant case, at no charge to petitioner.
4  **IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED IN**
5  **ITS ENTIRETY**.
6  **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**
7  **APPEALABILITY.**
8  **IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT**
9  **ACCORDINGLY.**

DATED this 1st day of August, 2011.

_/s/ James C. Mahan_
UNITED STATES DISTRICT JUDGE